IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENGINE DYNAMICS INC., et al., | CIVIL ACTION<br>NO. 04-CV-1402(KAJ) |
| v. | |
| M/Y LONG ISLAND LADY | |

MOTION TO VACATE ARREST, POST SECURITY AND
TO SET BRIEFING SCHEDULE

Anthony C. Morelli, III ("Mr. Morelli"), by and through his undersigned attorneys, The Bayard Firm, hereby files this motion to vacate arrest, post security and to set briefing schedule, and in support thereof offers the following:

1.  As indicated in our letter to the Court on February 3, 2005, the parties had been engaging in settlement discussions and hoped to resolve the issues in this case. Mr. Morelli diligently and in good faith has tried to settle this matter with either or both Plaintiffs. Unfortunately settlement negotiations have proven unsuccessful.

2.  Mr. Morelli, through counsel, has repeatedly requested that Summit submit an invoice that states the accurate amount of Summit's bill and claim, but Summit has inexplicably failed to produce such an invoice. Mr. Morelli is willing to pay Summit's accurate invoice in full if presented leaving only the EDI claim for resolution by this Court. Alternatively, Mr. Morelli is willing to post security to cover Summit's accurate invoice.

3.  By this Motion, Mr. Morelli seeks an order pursuant to Supplemental Admiralty Rule E(5) vacating the arrest of the vessel and allowing him to post cash, a suitable

578578v1

bond or other instrument of credit ("Security") that can provide relief to the Plaintiffs in the event that this Court ultimately rules that Plaintiffs are entitled to monetary recovery.

4. By this Motion, Mr. Morelli also seeks an order requiring EDI to post cash, a suitable bond or other instrument of credit as counter-security ("Counter-Security") pursuant to Supplemental Admiralty Rule E(7) to ensure that Mr. Morelli can be compensated, should he prevail on his Counterclaims, for any damages sustained to the Vessel as a result of the conduct of the Plaintiffs—including unnecessary movement of the Vessel from Angler's Marina to Summit Marina.

5. By this Motion, Mr. Morelli also seeks an order setting a schedule for the submission of the findings of fact and conclusions of law requested by the Court. In the event the Court allows for the posting of security and the concurrent vacation of the Vessel's arrest, Mr. Morelli requests a briefing schedule in accordance with the Court's usual practice. In the event that the Court disallows the vacation of the arrest, Mr. Morelli requests expedited scheduling.

6. The relief sought by this motion is quite reasonable under the circumstances. As shown at trial, Mr. Morelli has a reasonable basis to assert that the services EDI provided to the Vessel were not provided in a workmanlike manner and therefore, did not entitle EDI to payment and thus, had no lawful basis to assert a maritime lien. Also, as shown at trial, Summit has no proof that it ever presented Mr. Morelli with a bill and the December 5, 2004 invoice Summit provided in discovery was wrong.

7. Mr. Morelli has been deprived of his Vessel for many months now. Equity demands that Mr. Morelli be permitted to post security that would compensate Plaintiffs in the event they are found to be entitled to a monetary judgment.

8.  Because this motion presents no novel issues of law beyond the Admiralty Rules, Mr. Morelli respectfully requests that the Court waive the requirements of Local District Court Rule 7.1.2(a).

9.  Given that Mr. Morelli is willing to pay Summit in full and post adequate security to fully compensate EDI, neither would be prejudiced by granting the relief requested in this Motion.

WHEREAS, Mr. Morelli respectfully requests that this Motion be granted and that the attached proposed Order be entered by the Court.

Dated: March 7, 2005                                    THE BAYARD FIRM

By: _____
Gary F. Seitz.(No. 4457)
Cheryl Siskin (No. 3437)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Attoernys for Anthony C. Morelli, III