# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

302-429-4215
csiskin@bayardfirm.com

March 29, 2005

**VIA HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street, Lock Box 10
Wilmington, DE 19801

   RE: *Engine Dynamics Inc. v. M/Y Long Island Lady*
      *C.A. No. 04-1402-KAJ*

Dear Judge Jordan:

  I apologize for having to write to the Court at this point, but we need to bring certain matters to the Court's attention prior to the March 31st teleconference on our Motion to Vacate Arrest, Post Security And To Set Briefing Schedule (the "Motion"). Among other things, the Motion requested that the Court set amounts for security to be posted in lieu of the continued arrest on the M/Y Long Island Lady, as well as the amount Engine Dynamics Inc. ("EDI") should be required to post as countersecurity. EDI and Summit were to respond to the Motion by March 21st (or March 24th with 3 days provided when service is by mail). No response has been filed and therefore, Plaintiffs have not offered any argument in support of, or against any amount of security or countersecurity as contemplated by the Motion.

  Summit presented no evidence that it ever submitted a bill or invoice to Mr. Morelli and the only copy of any document purporting to be an invoice was dated December 3, 2004 – weeks after the complaint was filed in this Action. (*See* Tr., Exh. 1, at A-24 (testifying that Summit never sent Mr. Morelli a bill); at B-205-06 (testifying that Summit had no evidence that it had ever sent a bill to Mr. Morelli or that Summit had any records evidencing Mr. Morelli or the Vessel incurring any charges; and Plaintiffs' Exh. 4). Summit testified on direct that the bill submitted into evidence (Plaintiffs' Exh. 4) was erroneous only as far as it included charges for August 2004 (*see* Tr., Exh. 1, at B-200-01), but then later testified that the Vessel was removed from Summit sometime in June 2004 even though Plaintiffs' Exh. 4 indicated billings for July 2004. (*Compare* Plaintiffs' Exh. 4 *with* Tr., Exh. 1, at 221-22 (testifying that the Vessel was put back into the water shortly after the June 2004 installation of new engines)). In light of the testimony, we requested a corrected bill from Summit. While Mr. Hess promised to provide a corrected invoice for Summit, we still have not received it. (*See* e-mails attached as Exh. 2.).

581409v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
March 29, 2005
Page 2

Under the Admiralty Rules, this bill is necessary for this Court to set the amount of any bond that may be fairly attributable to Summit's claim:

> In the event of the inability or refusal of the parties [to stipulate to the amount of security] the court shall fix the principal sum of the bond or stipulation in an amount *sufficient to cover the amount of plaintiff's claim fairly stated* with accrued interest and costs.

Admiralty Rule 5(E) (emphasis added). Despite our repeated requests, Summit has refused to submit a fair statement of its claim. Its should be refused any bond. However, given that Mr. Morelli admits that Summit provided services to the Vessel in good faith and that he was willing to pay for such services in full whenever presented with a fair invoice, Mr. Morelli is willing to post a bond for Summit's claim. Given that the testimony of the exact dates of the Vessel's storage are at Summit establishes that the Plaintiffs' Exh. 4 is false and that Summit has no accurate records of services provided to the Vessel, we propose that the bond for Summit be set at $1,000.

With regard to security for EDI's claim, the evidence at trial showed that EDI's work on the Vessel was substandard in several respects. First, there was extensive damage to other parts of the Vessel as a result of EDI's poor workmanship. Second, the oil line to one of the engines was not attached properly and the Vessel sustained serious damages. EDI's claim was represented to be $5,810 (Plaintiffs' Exh. 3-F). Mr. Morelli's itemization of the damages that resulted from EDI's poor workmanship totaled $6,820.50. (*See* Def. Exh. 18) Thus, Mr. Morelli's claim against EDI exceeds the total amount of EDI's invoice and Mr. Morelli should not be required to post any security for EDI's claim. Nonetheless, Mr. Morelli is willing to post $1,000 as security for EDI's claim.

The Admiralty Rules require that if Mr. Morelli is required to post any security for either of Plaintiffs' claims, that Plaintiff must post countersecurity:

> When a person who has given security in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Admiralty Rule 5(7)(a). Neither of the Plaintiffs have shown cause why countersecurity should not be given.

581409v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
March 29, 2005
Page 3

    From the outset, we have asserted that the Vessel was damaged during its arrest. (*See* Motion For An Expedited Hearing, Motion to Vacate Arrest or To Change Substitute Custodian and For Counter Security [Dkt. No. 9]) There was testimony that there was damage to the hull of the Vessel and that one of the outriggers was bent in connection with the arrest. (*See* Tr. at A-26-29; B-277-78; Def. Exhs. 2 (hull damage) and 22 (bent outriggers)). This Court ordered that Mr. Morelli be permitted to inspect the Vessel to determine the extent of any damage incurred during the arrest. (*See* Tr. at A-157-60) We have tried to schedule an inspection of the Vessel to determine the extent of further damage to the Vessel, but Mr. Hess has refused us any access. (*See* e-mails attached as Exh. 3).

    Mr. Morelli has made arrangements for his insurance adjuster to accompany him for the inspection. We request that this Court order EDI and Summit to make the Vessel available for inspection so that this Court can set the amount of countersecurity based on the adjuster's estimate of the cost to repair the damage.

    The Plaintiffs have retained possession of Mr. Morelli's Vessel for many months and the season is rapidly approaching. The Admiralty Rules require that the arrest be vacated upon posting of appropriate bonds. Mr. Morelli is willing to post security as required, and Plaintiffs should be ordered to do the same. Once the arrest is vacated, the parties can present their findings of fact and conclusions of law without the need for expedited briefing or rulings from the Court. We attach a proposed form of order.

    We are available to the Court in the event of a need to discuss the issues raised in this letter prior to the scheduled teleconference on the 31st.

                                           Respectfully submitted,

                                           Cheryl Siskin

CS/kw
Enclosure
cc:    Peter E. Hess, Esquire (via facsimile)

581409v1